IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NBA PROPERTIES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-0239-L** |
| | § | |
| **DEAN PATRICK BANKS, et al.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Default Judgment Against All Remaining Defendants, filed March 22, 2010. Having considered the motion, record, and the clerk's entry of default against Defendants, the court **grants** Plaintiff's Motion for Default Judgment.

**I.   Background**

Plaintiff NBA Properties, Inc. ("NBAP" or "Plaintiff") reached an agreement with Defendants Soon Boon Choe, Ki Ho Lee, and Haw Sim, and the court has entered agreed judgments against those Defendants. Plaintiff now seeks a default judgment against all remaining Defendants: Dean Patrick Banks, Clarence Wendell Bean, Jr., Philip Brian Beaudet, Demone Lamont Cade, James Kirkpatrick Cooper, Jr., Jeffrey Glenn Cotton, Ronald Lazar Favors, Javier O. Garcia, Matthew Stephen Gordon, U.S. Mambo, LLC, Rodney Lamont Gratton, Eric Hall, Mark S. Henderson, Derrick Alexander Jacobs, Michael Timothy Johnson, Joshua Lawrence Key, Gregory William Nutter, Ki Jong Park, Carl Anthony Pitts, Allen Quick, James Tyrone Richardson, Earnest Nova Riley, Joseph D. Rivera, Silky Devon Robinson, Wayne Shearin, Eric Shields, Ellis J. Smith, Jermaine Lamont Smith, Louis E. Soto, Martin Watson, Donald Ray Nebber, Lonnie Earl Weston,

Richard A. Whitmore, Kenneth Allen Youmans, Jamal Deon Young, and Marcus Jalil Young (hereinafter, the "Defaulting Defendants"). Specifically, Plaintiff seeks the relief requested in its February 19, 2010 First Amended Complaint for Trademark and Copyright Infringement. Specifically, Plaintiff brought claims of trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1214, 1116(d); federal unfair competition in violation of 15 U.S.C. § 1125(a); copyright infringement in violation of 17 U.S.C. § 501; trademark infringement in violation of Texas common law; and unfair competition in violation of Texas common law. Plaintiff also sought injunctive relief and seizure of infringing goods.

Plaintiff sought a temporary restraining order, which the court granted on February 10, 2010. Plaintiff's originally sought relief against various John Doe and ABC Company Defendants, and the court granted its motion to direct to clerk to issue summonses against John Does. The court's temporary restraining order was in effect February 10, 2010, until 12:00 noon on February 15, 2010, which corresponds with the NBA All-Star Game and related events in the Dallas area. Plaintiff was granted leave to personally serve individuals and companies selling infringing goods during that period and to seize infringing goods. Plaintiff served various individuals and one entity during that period. It then amended its pleading and served all Defendants with the amended complaint on February 19, 2010. It settled with three Defendants; none of the Defaulting Defendants answered or appeared.

On March 22, 2010, Plaintiff filed a request for entry of default as to each Defaulting Defendant, and the clerk entered default against each Defaulting Defendant on March 23, 2010.[*]

---

[*]Each Defendant, although not specifically named, was personally served with the original complaint when Plaintiff seized infringing goods. Each Defendant was thereafter served via mail with the amended complaint, which included each Defendant by name. The court finds that each Defaulting Defendant was properly served because each was personally served with the original complaint and later served pursuant to

**Memorandum Opinion and Order - Page 2**

Plaintiff now seeks of entry of default judgment against each Defaulting Defendant, a permanent injunction as to each, and an order allowing the destruction or donation of the seized goods. Plaintiff waives its right for money damages, seeks return of its bond, and asks for costs to be taxed against Defendants.

## II. Analysis

The court finds that because none of the Defaulting Defendants filed an answer to Plaintiff's complaint or otherwise entered an appearance in this lawsuit, and because none of the Defaulting Defendants is an infant, incompetent, or in the military, Plaintiff is entitled to judgment against Defaulting Defendants. The court therefore accepts as true the facts stated by Plaintiff in its First Amended Complaint for Trademark and Copyright Infringement, Plaintiff's Motion for Default Judgment Against All Remaining Defendants, and the record in this case. These establish Defaulting Defendants' liability to Plaintiff.

Plaintiff requests that the court permanently enjoin Defendants from further infringement of its trademarks and copyrights. The court may issue a permanent injunction to prevent trademark infringement and copyright infringement. 15 U.S.C. § 116(a); 17 U.S.C. § 502(a). The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). A party seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to [plaintiff] outweighs any damage the injunction might cause to [defendant]; and (4) that the

---

Rule 5(a)(B) and (b)(2)(C) of the Federal Rules of Civil Procedure with the amended complaint, and Defaulting Defendants did not answer or respond to either complaint.

**Memorandum Opinion and Order - Page 3**

injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (citing *Plains Cotton Co-op Ass'n v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256 1259 (5th Cir. 1987)).

Based on the record and findings by the court, Plaintiff has prevailed on its claims. Accordingly, it has satisfied the first prerequisite for permanent injunctive relief. The court further determines that there is a substantial threat that irreparable harm will result if injunctive relief is not granted; that the threatened injury outweighs the threatened harm to Defaulting Defendants; and that a permanent injunction will not disserve the public interest. Put another way, the court determines that Plaintiff is entitled to permanent injunctive relief. The court will enter a permanent injunction against the Defaulting Defendants by separate document in the judgment against them.

The court further **orders** that the goods seized from Defendants in accordance with the court's February 10, 2010 order are **released** to Plaintiff for destruction, or at Plaintiff's election, for donation to people in need outside the U.S., through, for example, World Vision, Inc.

The court also determines that the bond posted by Plaintiff as a condition for the entry of the Temporary Restraining Order and Seizure Order, and the Preliminary Injunction is hereby **discharged**.

### III.   Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion for Default Judgment Against All Remaining Defendants. Accordingly, the court hereby orders that default judgment be entered for Plaintiff NBAP against Defendants. The court will permanently enjoin Defaulting Defendants, as set forth in the judgment, for further infringement of Plaintiff's trademarks and copyrights.

**It is so ordered** this 29th day of March, 2010.

                                              Sam A. Lindsay
                                              United States District Judge